Benito DAVILA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–88–131–CR, 13–88–132–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 9, 1989.

John J. Pichinson, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before UTTER, KENNEDY and BENAVIDES, JJ.

OPINION

UTTER, Justice.

In Cause No. 13–88–131–CR, appellant was indicted for illegal possession of cocaine, and in Cause No. 13–88–132–CR, the State sought to revoke appellant's probation from a previous conviction based on the above possession charge. Appellant filed identical pretrial motions in each case to suppress the evidence seized by search warrant, and, after a hearing, the trial court overruled both motions. Thereafter, the causes were tried before the trial court jointly. Appellant pled guilty to the charges in the indictment, and pled true to the count set out in the amended motion to revoke probation. No plea bargain existed in either case. The trial court assessed punishment at ten years confinement in each case, the sentences to run concurrently.

By two points of error, appellant contends the trial court erred in overruling his motion to suppress the evidence because: (1) appellant is not the person named and described in the affidavit and search warrant, and (2) the building in which the cocaine was found was not properly described in the search warrant. However, we do not reach the merits of appellant's points of error.

The law provides that where there is no plea bargain and a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivations of federal due process are waived. *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim.App.1987); *Helms v. State,* 484 S.W.2d 925, 927 (Tex. Crim.App.1972); Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979). Therefore, since there was no plea bargain in this case, appellant could not normally appeal the denial of his motion to suppress.

However, where it is evident that the appellant, appellant's counsel and the trial court labored under the false impression that such an appeal was in order, the plea

of guilty is not voluntary or knowing and the cause will be reversed and remanded to the trial court. *Shallhorn,* 732 S.W.2d at 637–38; *Broddus v. State,* 693 S.W.2d 459, 461 (Tex.Crim.App.1985); *Harrelson v. State,* 692 S.W.2d 659, 661 (Tex.Crim.App. 1985); *Christal v. State,* 692 S.W.2d 656, 658–59 (Tex.Crim.App.1985).

The record in this case reveals that an impermissible conditional plea of guilty has been entered. For instance, after the trial judge expressly stated during the trial that no plea bargain agreement would be accepted, the trial judge advised appellant:

> "You will be allowed to appeal on these matters which have been raised by written motions filed prior to this proceeding and ruled on by the court. In other words, you have a full right of appeal, sir."

A written admonishment signed by the trial court also expressly states that appellant may appeal matters raised by written motion.

Although appellant's sole points of error only challenge the trial court's ruling on appellant's motion to suppress, no specific assignment of error is required where the record shows that an impermissible conditional plea of guilty has been entered. *Christal v. State,* 692 S.W.2d at 656 n. 2; *Crawford v. State,* 624 S.W.2d 906, 909 (Tex.Crim.App.1981). Further, although a conviction may be sustained where there is sufficient untainted, stipulated evidence to support the conviction, that situation is not presented in this case. *Johnson v. State,* 722 S.W.2d 417, 423–24 (Tex.Crim.App. 1986); *McKenna v. State,* 761 S.W.2d 380, 381 (Tex.App.—Corpus Christi 1988, pet. filed). Accordingly, we hold that appellant's pleas in both Cause No. 13–88–131–CR and Cause No. 13–88–132–CR were not entered voluntarily or knowingly.

The judgments of the trial court are REVERSED and the causes REMANDED to the trial court.