**Earl Arthur MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–01138–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 9, 1990.

Ronnie G. Harrison, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a theft conviction of clothing with a value of less than $750. Because of two prior misdemeanor theft convictions, the offense was boosted to a third degree felony, which was then enhanced by a 1983 conviction for aggravated assault. The court sentenced appellant to ten years' confinement in the Texas Department of Corrections. Appellant brings six points of error. For the reasons discussed below, we reverse the trial court's judgment and remand the case for new trial.

Appellant was indicted in May of 1989 for stealing four dresses with a value of less than $750 from a Neiman Marcus department store. Appellant subsequently filed two pretrial motions: a motion to quash enhancement paragraphs and a motion to quash indictments. The appellant did not enter into a plea bargain. Before entering his plea, the following dialogue took place between the trial court judge and defense counsel:

THE COURT: Is he going to plead?

[DEFENSE COUNSEL]: Yes, Your Honor, with the record reflecting that he—

THE COURT: Ma'am?

[DEFENSE COUNSEL]: The record reflecting that Mr. Martin specifically reserves the right, [sic] and the Court will give him permission to appeal his pre-trial motions on those issues raised prior to trial.

THE COURT: With that understanding, the understanding the Court will not deprive the defendant of any right to appeal these pre-trial motions. If he wants to plead guilty after that, he may.

The discussion later continued:

[DEFENSE COUNSEL]: Our plea is subject to the pre-trial motion which will be appealed.

THE COURT: Yes, ma'am....

Appellant subsequently plead guilty to the offense. After his conviction, he perfected this appeal.

■ In his first point of error appellant argues that the trial court committed reversible error in denying appellant's motion for a new trial. According to the appellant, appellant, his counsel, and the trial judge labored under the false presumption that Martin could appeal the rulings on his pretrial motions, making his plea of guilty contingent on a misconception, and justifying reversal. We agree.

In *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App.1987), the Court of Criminal Appeals quoted a discussion between the defense counsel in that cause and the trial judge. This discussion was similar to the conversation between Martin's counsel and the judge in the instant case:

> [DEFENSE COUNSEL]: I would like for the record to also reflect that the defendant enters her plea of guilty based upon the adverse ruling of the Court on our motion to supress (sic), and that in entering our plea of guilty we are not admitting that the evidence is all true and correct, that we are not waiving our right to appeal the Court's ruling on the motion to supress (sic).
> THE COURT: I understand that. I think you need to do that again when we admonish her.
> [DEFENSE COUNSEL]: All right.

*Id.* Subsequent to the admonishment, defense counsel continued:

> [DEFENSE COUNSEL]: At this time again I'd (sic) for the record to reflect that my client has decided to plead guilty based on the adverse ruling of the Court on our motion to suppress, and that in pleading guilty she is not waiving her right to appeal that adverse ruling, and we retain that right. Also that we would not enter a plea of guilty had we not received the adverse ruling on the motion to suppress.

*Id.*

Although the *Shallhorn* court noted that the law provides that "where there is no plea bargain and a plea of guilty is volun-

tarily and understandingly made all nonjurisdiction defects including claimed deprivations of federal due process are waived", the court affirmed the Fort Worth Court of Appeals reversal of the conviction. *Id.* The Court of Criminal Appeals concluded that because of the erroneous assumption of the parties and the trial judge, the plea of guilty was not entered voluntarily or knowingly, and the conviction was improper. *Id.*

Similarly, in *Davila v. State*, 767 S.W.2d 205, 205 (Tex.App.—Corpus Christi 1989, no pet.), Davila filed two pretrial motions, both of which were denied by the trial court. No plea bargain was entered into; however, the trial judge expressly stated that the appellant could appeal the rulings on the motions subsequent to his convictions. *Id.* at 206. The Corpus Christi Court of Appeals concluded that where it is evident that the appellant, appellant's counsel, and the trial court labored under the false impression that such an appeal was in order, the plea of guilty is not voluntary or knowing and the cause will be reversed and remanded to the trial court. *Id.* (citations omitted).

In the case before us the State's only argument in defense of the judgment is that the record is insufficient to show that the appellant's plea was specifically conditioned upon his belief that the trial court's adverse rulings on pretrial motions would be reviewed on appeal. In support of this contention, the State cites the *Shallhorn* dialogue, contending that it is much more specific than that between Martin's counsel and his trial judge. We do not perceive this great distinction between the dialogues in the *Shallhorn* case and that in the case before us. It is evident from the record that all individuals in the instant case thought that the right to appeal the motions was adequately preserved for review. We therefore reverse the trial court's judgment and remand the case for a new trial.

■ In his fourth point of error appellant argues that there was insufficient evidence to support a second degree felony punishment because the State failed to

prove the enhancement paragraph. However, the record reflects that appellant pled true to the enhancement paragraph. As a result, appellant cannot complain on appeal that the evidence is insufficient to support the allegation. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.1981), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). Appellant's fourth point is overruled.

■ In his fifth point of error appellant argues that the conviction should be reversed and an acquittal granted because there was insufficient evidence to support the judgment. Appellant's argument is based on the assertion that he never entered a plea to the paragraphs which charged appellant with prior theft offenses. We disagree with appellant's contention.

Appellant argues that Texas criminal procedure dictates (1) a reading of the prior convictions, (2) the court's request of a plea of "true" or "untrue," (3) defendant's plea, and (4) the State's offer of proof of the allegations. While appellant is correct in his conclusions concerning the procedure for enhancement paragraphs, the two prior misdemeanor theft convictions were not used as such. The Texas Penal Code provides for felony theft indictments on the basis of an offender having been twice before convicted of any degree of theft even if the theft was of property with a value of less than $750 and would ordinarily constitute a misdemeanor. TEX.PENAL CODE ANN. § 31.03(e)(3)(A), (e)(4)(E) (Vernon 1974). The prior convictions complained of were thus used for jurisdictional purposes, *Wolfe v. State*, 772 S.W.2d 224, 225 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd) (citations omitted); *see also Gant v. State*, 606 S.W.2d 867, 871 n. 9 (Tex.Crim.App.1980), and appellant was not required to enter a separate plea as would be necessary had the convictions been used as enhancement. We therefore overrule appellant's fifth point.

In sustaining appellant's first point and overruling his fourth and fifth points, we find it unnecessary to address points two, three, and six. The judgment of the trial court is reversed and remanded for new trial.