Todd HINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–096–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 16, 1992.

Discretionary Review Refused
April 22, 1992.

Suzie Johnson, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

An indictment charged appellant, Todd Hines, with attempted murder. It alleged a prior felony conviction for enhancement purposes. He entered an open plea of guilty to the attempted murder charge, to which he pleaded true to the enhancement allegation. The trial court assessed punishment at ninety-nine years in prison. By five points of error, appellant complains that because the trial court did not properly admonish him concerning his right to appeal when no plea bargain was involved, his guilty plea was involuntary. He contends that he was denied his right to a fair trial and to due process of law. We affirm.

Appellant does not challenge the sufficiency of the evidence. Therefore, we will only briefly address the facts of the case. In December, 1989, Shirley Hines was at home when she heard her son, appellant, arguing with his wife. Shirley went to see what was wrong and saw appellant holding a gun. Shirley asked him for the gun, but he shot her in the arm and neck. Police arrested appellant shortly after the incident. The State indicted appellant for attempted murder. The indictment alleged one prior felony conviction. Afterwards, appellant entered a plea of guilty to the attempted murder charge, and he pleaded true to the enhancement allegation. The trial court then assessed punishment as aforesaid.

By points one through five, appellant complains that because the trial court did not properly admonish him concerning his right to appeal when no plea bargain was

involved, his guilty plea was involuntary, and he was denied his right to a fair trial and due process of law guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, art. I, § 19 of the Texas Constitution, and art. 1.04 of the Texas Code of Criminal Procedure. Appellant argues that his plea was involuntary because the plea papers and the trial court's admonishments did not advise him of his right to appeal his guilty plea when no plea bargain was involved, *i.e.*, that his appeal would be limited to jurisdictional issues. He contends that he was under the erroneous assumption that he could appeal on non-jurisdictional issues.

Article 26.13 of the Texas Code of Criminal Procedure provides, in pertinent part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

During the guilty-plea hearing, the State's attorney told the trial court that no plea bargain existed. The trial court, after questioning appellant, ascertained that appellant's guilty plea was freely and voluntarily given, that he was competent to stand trial, and that he understood the charges and the proceedings. In addition, the trial court admonished appellant of the punishment range, that the trial court was not bound to follow the State's punishment recommendation, and that if appellant was not an United States citizen, a guilty plea may result in his deportation, exclusion from admission to the country, or the denial of naturalization under federal law. The trial court did not admonish appellant regarding his limited right of appeal.

■■■ When no plea bargain exists and a guilty plea is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivations of federal due process are waived. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App. 1987); *Davila v. State*, 767 S.W.2d 205, 205 (Tex.App.—Corpus Christi 1989, no pet.). When a defendant enters an open plea of guilty, no admonishments have to be given that the appeal will be limited to jurisdictional issues. *See* Tex.Code Crim.Proc.Ann. art. 26.13(a)(1)—(4) (Vernon 1989 & Supp. 1992). In *Rose v. State*, 465 S.W.2d 147 (Tex.Crim.App.1971), the Court held that the trial judge's failure to admonish the accused of his rights to a jury and on the law of circumstantial evidence was not error. The Court stated that "[w]e know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. It is not the court's function to act as legal counsel for the appellant." *Rose*, 465 S.W.2d at 149. *See also McNew v. State*, 608 S.W.2d 166, 173 (Tex.Crim.App. 1980).

Here, the trial court properly admonished appellant as required by art. 26.-13, and his plea of guilty was freely and voluntarily given. The record does not reveal that appellant, appellant's counsel, or the trial court labored under the impression that appellant could appeal non-jurisdictional issues. *See and compare Shallhorn,* 732 S.W.2d at 637–38; *Davila,* 767 S.W.2d at 205, 206. We perceive no violation of appellant's right to due process, or to a fair trial, or to art. 1.04.

The trial court's judgment is AFFIRMED.