Turner Fonta JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–91–01374–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 6, 1993.

Discretionary Review Refused
Sept. 22, 1993.

going numbers dialed from that line. *See* TEX. CODE CRIM.PROC.ANN. art. 18.21 § 1(9) (Vernon

Supp.1993).

E.J. Van Buren, Jr., Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Turner Fonta Jones, appeals his judgment of conviction for the offense of delivery of cocaine by actual transfer, weighing by aggregate weight including any adulterants and dilutants, less than twenty eight (28) grams. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and 481.-112(a), (b) (Vernon 1992). Appellant waived his right to a jury trial and pled guilty without an agreed recommendation and the court ordered a pre-sentence investigation report to be made by the Harris County Probation Department. After reviewing the report the court found appellant guilty and assessed punishment at fif-

teen (15) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

▮ Appellant's sole point of error is that his plea was involuntary. In the instant case, appellant pled guilty without an agreed recommendation. In this situation, a defendant's appeal is limited to jurisdictional defects. *See Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972); *Wheeler v. State,* 628 S.W.2d 800, 802 (Tex.Crim. App.1982); *King v. State,* 687 S.W.2d 762 (Tex.Crim.App.1985). A guilty plea is not voluntary, however, if it was induced by an agreement approved by the court that a certain question could be appealed when that agreement could not be fulfilled. *Mooney v. State,* 615 S.W.2d 776, 778 (Tex. Crim.App.1981); *Wooten v. State,* 612 S.W.2d 561, 563 (Tex.Crim.App.1981). The burden is high on the appellant. An attestation of voluntariness at the plea hearing creates a heavy burden for appellant to show involuntariness at a subsequent hearing. *Thornton v. State,* 734 S.W.2d 112, 113 (Tex.App.—Houston [1st Dist.] 1987, pet. refused).

▮ Appellant contends that his plea of guilty was involuntary because the record reveals that he, his counsel, and the trial judge were laboring under a false impression regarding his right to appeal. The record reflects no such misunderstanding. The record indicates that there were no pretrial hearings or rulings on issues such as motions to suppress, motions to quash, etc. Rather, this was a simple proceeding where appellant pled guilty and the court recessed until a PSI could be conducted. At the continuation of the hearing, the trial court heard argument from both sides on punishment and then found the appellant guilty and assessed punishment.

The court concluded with the following information:

> Having nothing to say, Turner Jones, it's the order of the court, having been adjudged guilty of the offense of delivery of a controlled substance, punishment being assessed at 15 years in the state penitentiary, it's the order of this court that you be delivered by the sheriff of this county to the director of the Institutional Division of the Texas Department of Criminal Justice where you'll serve 15 years. Sentence begins today.
>
> You can file a motion for new trial within 30 days. You can give notice of appeal. You must give that written notice of appeal within 30 days. That will be all.

▮ Appellant contends that his plea was involuntary solely on the basis of the trial court's statement at the end of the plea proceedings that he could file a notice of appeal, and in fact he did file a notice of appeal. This is not evidence of an involuntary plea.

▮ In order to show an involuntary plea, there must be evidence that a plea was entered into with an agreement or understanding that certain matters (typically a pretrial motion to suppress) would be preserved for appeal when in fact those rulings are not subject to appeal. *See Christal v. State,* 692 S.W.2d 656, 657 (Tex. Crim.App.1985); *Wooten v. State,* 612 S.W.2d at 564; *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim.App.1987); *Harrelson v. State,* 692 S.W.2d 659, 660 (Tex. Crim.App.1985); *Martin v. State,* 795 S.W.2d 289, 290 (Tex.App.—Houston [14th Dist.] 1990, no pet.); *Davila v. State,* 767 S.W.2d 205, 206 (Tex.App.—Corpus Christi, no pet.). In the instant case, there were no rulings on pretrial motions to appeal. Appellant did not state any intent to appeal something that did not happen and the trial court never gave an incorrect guarantee in this regard. Even now, appellant does not indicate that he wished to or assumed he could appeal some issue which he is prevented from appealing by virtue of the *Helms* rule.

▮ Appellant asserts that the court's actions in informing him of the time limits for filing a motion for new trial and notice of appeal showed that all the parties mistakenly believed appellant could appeal from his guilty plea. This contention is wrong for two reasons. First, this information was not given until after appellant's plea and there is no indication that appellant's plea was based on any right to appeal. Second, appellant *does* have a right to appeal jurisdictional issues and thus, the

trial court's statement of the timetable for giving notice of appeal was relevant even where appellant pled guilty without an agreed recommendation. The trial court gave no false information regarding what issues appellant could appeal. The fact that appellant filed a notice of appeal several days after the punishment hearing is no indication that his plea was involuntary. *See Reid v. State,* 846 S.W.2d 585 (Tex. App.—Houston [14th Dist.] 1993, no pet.). Further this notice of appeal was proper, as appellant may appeal any jurisdictional defects.

As we have noted, it is appellant's burden to establish involuntariness of his plea. The record does not reveal any evidence showing involuntariness. Appellant never stated during the plea proceedings that he was reserving the right to appeal *any* matter, let alone an issue beyond the extent of his right to appeal. Likewise, the trial court never mentioned appellant's right to appeal until after appellant's entry of a plea and sentencing. Even then, the trial court merely notified appellant of the timetable for filing a motion for new trial or notice of appeal *in general.* This was a correct statement of the law and did not indicate that appellant could appeal any particular issue which had been waived by appellant's guilty plea. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.