Jason Tyrone PEGUES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–01008–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 1997.

Discretionary Review Refused
April 15, 1998.

Cary M. Faden, Sugarland, for Appellant.

John F. Healey, Jr., John H. Harrity, III, Richmond, for Appellee.

Before SCHNEIDER, C.J., and O'CONNOR and MARGARET GARNER MIRABAL, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

We overrule the appellant's motion for rehearing, withdraw our previous opinion, and substitute this in its stead.

Jason Tyrone Pegues, the appellant, was found guilty by a jury of the offense of aggravated sexual assault. Punishment was assessed at 50 years in prison. On appeal, the appellant argues the trial court erred in (1) not entering written findings of fact and conclusions of law on the voluntariness and legality of his confession and (2) overruling his motion to suppress his confession. We affirm.

### Background

The offense for which the appellant was tried occurred on December 28, 1993. On March 3, 1994, Officer Anderson went to Willowridge High School to arrest the appellant. After the arrest, Anderson transported the appellant to the command station in downtown Houston and brought him before Judge John Joneitz, a magistrate judge who administers statutory warnings to juveniles. Judge Joneitz administered the statutory warnings to the appellant.

Afterwards, the appellant was placed in a holding cell at the downtown command station, which had been designated as a juvenile holding facility by the juvenile boards of Harris and Fort Bend Counties. Anderson typed the appellant's statement as he stated it to her. After Anderson typed the appellant's statement, she gave him the opportunity to correct it. Anderson then took the appellant back to Judge Joneitz's chambers, where Judge Joneitz privately asked the appellant to read the statement back to him. Judge Joneitz asked the appellant some questions that were designed to enable him to determine if the statement was given freely and voluntarily. Judge Joneitz determined the appellant gave the statement freely and voluntarily and certified that the appellant signed the statement in Judge Joneitz's presence.

After conducting a pretrial hearing on the voluntariness of the appellant's statement or

confession, the trial court denied the appellant's motion to suppress his confession. The appellant re-urged his objection to the admission of the confession at trial, but the trial court overruled it and admitted the confession into evidence.

The appellant testified during the punishment phase of the trial. When asked of his feelings about the events that took place on December 28, 1994, the appellant said he was sorry. He said he regretted what had happened to the complainant and assumed full responsibility, saying he had just made a mistake. He said he had been attending a rehabilitation program that involved therapy for sexual offenders. On cross-examination, the prosecutor elicited the following testimony from the appellant:

Q (by Crowley): In fact, Mr. Pegues, I would suggest that you're not sorry at all for raping [the complainant]; but you're very sorry that you're looking to go to the penitentiary, aren't you?

A (by the appellant): No, sir. I'm sorry of the fact that I did something like that.

## Motion to Suppress the Confession

In point of error two, the appellant claims his confession was taken in violation of TEX. FAM.CODE § 52.02.[1]

Relying on the *DeGarmo* doctrine, in our original opinion we held the appellant waived this complaint because he admitted he committed the offense during the punishment phase of the trial. *DeGarmo v. State,* 691 S.W.2d 657, 660–61 (Tex.Crim.App.1985). In his motion for rehearing, the appellant argues we took his statement at the punishment phase out of context and that it was not an unequivocal confession. He argues *DeGarmo* should not apply here. We disagree.

The *DeGarmo* doctrine provides that, if during the punishment phase, a defendant confesses to all the elements of the crime for which he has been found guilty, he waives any error that might have occurred during the guilt stage of the trial. *Id.; Deleon v. State,* 925 S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

The appellant, responding to a question clearly referring to the rape, expressed remorse for raping the complainant. His confession, which he claims should not have been admitted, also stated he raped the complainant. Neither statement admitted to using a knife during the attack. Thus, the appellant's statement at the punishment phase did not confess to *all* the elements of aggravated sexual assault. The *DeGarmo* doctrine does not apply squarely to this case but its rationale does.

The *DeGarmo* doctrine has been called a common-sense rule of procedure. *See McGlothlin v. State,* 896 S.W.2d 183, 187 (Tex.Crim.App.1995). This is so because a defendant who complains of the improper admission of evidence, a trial error, would at most be granted a new trial. *Id.* at 188. Upon retrial, the defendant's judicial confession to all the elements of the offense would be admissible. *See* TEX.R.CRIM.P. art. 38.22, § 5 (1979). Therefore, a new trial would be pointless, as the trier of fact would hear the defendant's confession to the offense.

The same reasoning applies in this case. Here, the appellant did not admit to all the elements of aggravated sexual assault, and so did not waive *all* error occurring during the guilt phase. However, his judicial confession to the rape matched the confession he argues was erroneously admitted. The *DeGarmo* reasoning applies here. Assuming the confession was erroneously admitted and the appellant was granted a new trial, his judicial

---

1. Section 52.02 provides in pertinent part:
    (a) A person taking a child into custody, without unnecessary delay and without first taking the child to any place other than a juvenile processing office designated under Section 52.025 of this code, shall do one of the following:

   \* \* \* \* \* \*

    (2) bring the child before the office or official designated by the juvenile court if there is

probable cause to believe that the child engaged in delinquent conduct or conduct indicating a need for supervision; [or]

(3) bring the child to a detention facility designated by the juvenile court....
TEX.FAM.CODE § 52.02(a) (1996).

confession, that he was sorry he committed the rape, would be admissible at the new trial.

We conclude the appellant's admission during the punishment phase waived any error that may have occurred concerning the admission of his confession at the guilt phase of the trial.

We overrule point of error two.

### Failure to Enter Findings

In point of error one, the appellant argues the trial court erred in not entering findings of fact and conclusions of law regarding the confession's voluntariness. As stated above, the appellant waived any error that may have occurred with regard to the admission of the confession. This includes the entering of findings of fact and conclusions of law following a hearing on voluntariness.

We overrule point of error one.

We affirm the judgment of the trial court.