Charles Edward **MANNING,**
**Jr., Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 14–02–00892–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 24, 2003.

Michael P. Fosher, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices FOWLER and KEM THOMPSON FROST.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Charles Edward Manning, Jr. appeals his felony assault conviction, arguing: (1) the trial court erred by denying appellant's motion to quash the indictment; and (2)-(3) the evidence is legally and factually insufficient to prove he assaulted a household member. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and the complainant, Mary Pearl Vallery, were involved in an "off and on" romantic relationship for at least twelve years before his arrest for the present offense. The record shows appellant lived with Vallery whenever they were romantically involved. According to trial testimony, a few days before Thanksgiving of 2001, appellant severely beat Vallery because he believed she was involved with another man.

Appellant was arrested and charged with assault of a household member. In the indictment, the State also alleged that appellant was convicted in 1996 of an assault committed against a household member, to enhance the present assault from a misdemeanor to a third-degree felony under section 22.01(b)(2) of the Penal Code. *See* TEX. PEN.CODE § 22.01(b)(2). Uncontroverted trial testimony showed appellant committed the 1996 assault against Vallery.

The jury found appellant guilty and the trial court sentenced him to fifty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

## II. ISSUES PRESENTED

Appellant presents the following issues for review:

(1) Did the trial court erroneously deny appellant's motion to quash the indictment because the 1996 conviction used for enhancement occurred before the effective date of the enhancement statute and because the judgment supporting the 1996 conviction does not include an affirmative finding of family violence?

(2) Is the evidence legally sufficient to prove appellant and the complainant were members of the same household at the time of the instant offense, and at the time of the 1996 assault?

(3) Is the evidence factually sufficient to prove appellant and the complainant were members of the same household at the time of the instant offense, and at the time of the 1996 assault?

## III. ANALYSIS AND DISCUSSION

### A. Motion to Quash Indictment

Appellant argues the trial court lacked jurisdiction and should have granted his motion to quash the indictment for two reasons: (1) because the 1996 conviction used to enhance under section 22.01(b)(2) of the Penal Code occurred before the September 1, 1999, effective date of the enhancement statute; and (2) because the judgment supporting the 1996

conviction lacks an affirmative finding of family violence. We review a trial court's ruling on a motion to quash an indictment for an abuse of discretion. *State v. Goldsberry*, 14 S.W.3d 770, 772 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

In 1999, the Legislature amended section 22.01(b)(2) of the Penal Code to provide that an assault is a third-degree felony if it is committed against a member of the defendant's family or household, and "it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section." *See* Act of June 18, 1999, 76th Leg., R.S., ch. 1158, § 2, 1999 Tex. Gen. Laws 4063. The statute also included a clause making its application prospective:

> The change in law made by this Act applies only to an offense committed on or after the effective date [Sept. 1, 1999] of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.

*Id.* at 4064. According to appellant, this clause prohibits the State from using a conviction that predates September 1, 1999, for enhancement under section 22.01(b)(2). Appellant essentially argues the date of the previous conviction is an element of the current offense and that the enhancement conviction therefore must have occurred after September 1, 1999, to enhance assault to a third-degree felony under section 22.01(b)(2).

Contrary to the plain language of section 22.01(b)(2), appellant's position makes the date of the prior conviction an element of the current offense, when the State is only required to prove that at the time of the current offense the defendant had the *status* of having been previously convicted of an assault committed against a family or household member. *See Cannady v. State*, 11 S.W.3d 205, 208 (Tex.Crim.App. 2000) (addressing same argument and holding defendant's status of serving a life sentence at the time of present offense, and not date on which he committed crime for which he was serving life sentence, is element of statute making it capital murder to kill another person while serving a life sentence); *State v. Mason*, 980 S.W.2d 635, 639 (Tex.Crim.App.1998) (plurality op.) (holding same under another section of Penal Code, but court divided on whether extra-textual sources necessary to reach conclusion); *Moore v. State*, 38 S.W.3d 232, 235–36 (Tex.App.-Texarkana 2001, pet. ref'd) (addressing same argument and holding same). Accordingly, this court rejects appellant's argument that the trial court should have set aside the indictment because the State used a 1996 conviction to enhance under section 22.01(b)(2) of the Penal Code.

■ Appellant further argues the trial court should have quashed the indictment because the 1996 assault conviction does not affirmatively show on the face of the judgment or the underlying indictment that the complainant in that case was a family or household member. Appellant directs this court's attention to the failure of the trial court to mark the "family violence" box on the 1996 judgment even though article 42.013 of the Code of Criminal Procedure was effective at that time and provides:

> In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.01, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.

TEX.CODE CRIM. PROC. art. 42.013.

■ When the language of a statute is unambiguous, we must give effect to the

plain meaning of the words unless doing so would lead to absurd results. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). The plain language of article 42.013 does not prohibit use of extrinsic evidence to prove that a previous assault was committed against a family or household member in a subsequent proceeding when the convicting court failed to make an affirmative finding of family violence. *Goodwin v. State*, 91 S.W.3d 912, 919 (Tex.App.-Fort Worth 2002, no pet.); *see also State v. Cagle*, 77 S.W.3d 344, 348 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (holding notation on prior judgment that family violence was "not applicable or not available" did not amount to a determination that prior assault was not committed against household or family member); *Mitchell v. State*, 102 S.W.3d 772, 775 (Tex.App.-Austin 2003, no pet. h.) (holding extrinsic evidence may be used to prove prior assault committed against household member).

Because a conviction that predates the effective date of section 22.01(b)(2) of the Penal Code can be used to enhance under that section, and because article 42.013 of the Code of Criminal Procedure does not prohibit use of extrinsic evidence to prove family violence in a subsequent proceeding, we conclude the trial court did not abuse its discretion when it denied appellant's motion to quash the indictment.

**B. Legal Sufficiency**

■ In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App. 2000). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim. App.1991). The jury, as the trier of fact, "is the sole judge of the credibility of witnesses and of the strength of the evi-

dence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App.1999). If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997). The question is not whether a rational jury could have entertained a reasonable doubt of guilt, but whether it necessarily would have done so. *Swearingen v. State*, 101 S.W.3d 89, 96 (Tex.Crim.App.2003).

An assault is a third-degree felony, instead of a Class A misdemeanor, if it is committed against "a member of the defendant's family or household" and it is shown on the trial of the offense that the defendant has been previously convicted of an assault that was committed against a member of the defendant's family or household. TEX. PEN.CODE § 22.01(b)(2). "Household" has the meaning assigned by the Family Code and therefore includes persons living together in the same dwelling, regardless of whether they are related to one another. TEX. PEN.CODE § 22.01(e)(2); TEX. FAM.CODE § 71.005.

■ The State is relieved of its burden to prove a prior conviction alleged for enhancement when the defendant pleads true or guilty to the enhancement paragraph. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.1981); *Martin v. State*, 795 S.W.2d 289, 292 (Tex.App.-Houston [14th Dist.] 1990, no pet.) (holding same). Accordingly, a defendant who pleads true to an enhancement paragraph may not challenge the sufficiency of the evidence to prove allegations contained in the enhancement paragraph. *Harvey*, 611 S.W.2d at 111; *Martin*, 795 S.W.2d at 292. Here, at the outset of trial, appellant pleaded true to the enhancement paragraph included in the present indictment which alleged appellant had previously assaulted a household member:

It is further presented that before the commission of the offense alleged above [i.e., the November of 2001, assault], the defendant on January 10, 1996, in the COUNTY CRIMINAL COURT AT LAW NO. 14 of HARRIS County, Texas, in Cause No. 9600908, was convicted of the offense of assault of a HOUSE-HOLD member by causing bodily injury.

Because he pleaded true to this enhancement paragraph, appellant may not complain on appeal about the sufficiency of the evidence to show he committed the 1996 assault against a household member. Accordingly, we overrule appellant's first and second issues to the extent they challenge the legal and factual sufficiency of the evidence to prove the complainant was a household member at the time of the 1996 assault.

■ We now address appellant's claim that the evidence is legally insufficient to prove the complainant (Vallery) was a member of appellant's household. Vallery testified she is the same complainant as in the 1996 assault. Appellant did not controvert this testimony. Vallery further testified that she and appellant started having an intimate relationship in 1990, and lived together "off and on" thereafter. According to Vallery, she took appellant's surname for five years [1] and called herself appellant's "wife, off and on girlfriend" depending on which title suited the couple at any given time. Vallery further testified that each time the relationship was "on," appellant moved in with her and lived with her at her apartment, but when the relationship was "off," appellant lived at his mother's house.

Vallery testified she and appellant "were a couple" on November 18, 2001, the date of the instant assault, but that they were not cohabitating at this time. She testified that at the time of the assault, she lived in an apartment at 8200 Sterlingshire and appellant lived at his mother's house. She admitted, however, that in the weeks leading up to November 18, 2001, she lived with appellant and his mother at appellant's mother's house because appellant had turned off the gas at her apartment. She testified she moved back to the apartment two days before the assault even though the gas was still not working and there was no telephone at the apartment. The record shows that on the evening of the 2001 assault, appellant had cooked dinner and brought it to the Sterlingshire apartment. Vallery and appellant had spent the day together at appellant's mother's house. Appellant waited outside the apartment for Vallery to return from visiting someone else in the same apartment complex, and then assaulted her upon her return. According to Vallery's testimony, appellant gave her his only key to the Sterlingshire apartment about a year before the 2001 assault, so he had no key to the apartment at the time of that assault. Vallery testified she owned the furniture in the apartment and did not jointly own any property with appellant. She also testified that she sometimes expected appellant to pay rent for the apartment and indicated appellant would sometimes contribute to her rent payment by pawning items.[2] However, in the same line of questioning, she also testified that appellant was not paying any rent. Linda Morris, whose husband was appellant's former colleague, testified appellant and Vallery lived to-

---

1. The record does not contain more specific information about when Vallery used appellant's surname.

2. Vallery testified she and appellant were both unemployed in November of 2001.

gether at the Sterlingshire apartment.[3]

Appellant's mother, Hester Mary Manning, testified Vallery lived at appellant's mother's house with appellant and appellant's mother between late September of 2001 and Thanksgiving of 2001. According to appellant's mother, appellant "was already there" and Vallery moved in at this time to help appellant's mother because she was recovering from a broken shoulder. Appellant's mother testified that after the instant assault, she helped clean Vallery's bleeding wounds. Vallery then went to bed in her usual sleeping place, the middle bedroom she shared with appellant at appellant's mother's house. Appellant's mother testified twice "they lived there," referring to appellant and Vallery living at appellant's mother's house at the time of the 2001 assault. John Osteen, appellant's mother's neighbor, testified appellant was Vallery's husband but he did not testify as to where the couple lived. Vallery's mother testified Vallery was living at appellant's mother's house just before Thanksgiving of 2001.

■ The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). When faced with conflicting evidence, we presume the jury resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993). In considering all the record evidence, and reasonable inferences therefrom, in the light most favorable to the jury's verdict, we find that a rational jury could have found appellant and Vallery were members of the same household at the time of the instant assault. Accordingly, we hold the evidence is legally sufficient to prove appellant assaulted a household member un-

der section 22.01(b)(2) of the Texas Penal Code. *See* Tex. Pen.Code § 22.01(b)(2).

Having determined the evidence is legally sufficient to prove the present assault was committed against a household member, we overrule the remainder of appellant's legal sufficiency challenge.

## C. Factual Sufficiency

■ We now address appellant's challenge to the factual sufficiency of the evidence to prove he committed the instant assault against a household member. When evaluating a challenge to the factual sufficiency of the evidence, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Johnson v. State*, 23 S.W.3d 1, 6–7 (Tex. Crim.App.2000). This concept embraces both "formulations utilized in civil jurisprudence, i.e., that evidence can be factually insufficient if (1) it is so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding is against the great weight and preponderance of the available evidence." *Id.* at 11. Under this formulation, we essentially compare the evidence which tends to prove the existence of a fact with the evidence that tends to disprove that fact. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). In conducting the factual-sufficiency review, we must employ appropriate deference so that we do not substitute our judgment for that of the fact finder. *Id.* at 648. Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimo-

---

**3.** Linda Morris's testimony does not indicate *when* appellant and Vallery lived together at the Sterlingshire apartment.

ny. *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

■ In conducting a factual sufficiency review, we must consider and address the appellant's main argument for a finding of insufficiency. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003). This practice benefits the parties, maintains the integrity of the justice system, and improves appellate practice. *Id.* Here, appellant claims the evidence is factually insufficient because Vallery testified she was not living with appellant at the time of the 2001 assault, she did not expect appellant to pay rent on the Sterlingshire apartment, appellant was not paying rent, and Vallery and appellant did not own property together. According to appellant, none of the State's evidence showed appellant and Vallery were members of the same household.

■ A factual sufficiency challenge will not necessarily be sustained simply because the record contains conflicting evidence upon which the fact finder could have reached a different conclusion. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997). A reviewing court may disagree with the fact finder's resolution of conflicting evidence only when it is necessary to prevent manifest injustice. *Id.* at 164–65. After carefully reviewing the evidence, we conclude the jury's verdict is not so unsupported as to be clearly wrong and unjust. *See id.* Accordingly, we find the evidence is factually sufficient to prove appellant committed the instant assault against a member of his household, and we overrule the remainder of appellant's factual sufficiency challenge.[4]

## IV. CONCLUSION

The trial court's denial of appellant's motion to quash the indictment was not an abuse of discretion. Appellant may not challenge the sufficiency of the evidence to prove the complainant was a household member at the time of the 1996 assault because appellant's plea of "true" to the enhancement paragraph in the present in-

---

4. We note appellant has arguably waived any challenge to the sufficiency of the evidence to prove he committed the present assault against a household member because he admitted as much at the punishment phase of trial. *See DeGarmo v. State,* 691 S.W.2d 657, 660–61 (Tex.Crim.App.1985) (defendant who did not testify at guilt-innocence phase, but admitted at punishment phase of trial to committing the murder, may not bring sufficiency challenge on appeal); *limited by Leday v. State,* 983 S.W.2d 713 (Tex.Crim.App.1998) *and Reyes v. State,* 994 S.W.2d 151 (Tex.Crim. App.1999); *Leday,* 983 S.W.2d at 724–25 (*De-Garmo* applies to waiver of sufficiency challenge but cannot be used to find waiver of fourth-amendment exclusionary rule during guilt-innocence phase of trial and listing other fundamental guaranties that cannot be waived by admission at punishment phase of trial); *Reyes,* 994 S.W.2d at 153 (defendant's admission of guilt at punishment phase can waive sufficiency challenge but does not waive appellate review of alleged violation of right to have guilt assessed by a jury of twelve persons).

Appellant testified at the punishment phase of trial that at the time of his arrest for the 2001 assault, he lived with Vallery at her apartment and had lived there for "about six years." Appellant further testified he regarded Vallery as his wife, and financially contributed to Vallery's support, rent, and the support of Vallery's children. Accordingly, on appeal, common sense suggests appellant is estopped from challenging the sufficiency of the evidence to prove Vallery was a household member. *See Pegues v. State,* 964 S.W.2d 678, 679 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (holding when defendant admits only some elements of charged offense at punishment phase, *DeGarmo* rationale applies to admitted elements); *but see Duffy v. State,* 33 S.W.3d 17, 21–22 (Tex.App.-El Paso 2000, no pet.) (doubting *DeGarmo* survives *Leday* and *Reyes,* and finding *DeGarmo* inapplicable when defendant did not admit all elements at punishment phase). Nonetheless, in the interest of justice, we have addressed the merits of appellant's complaint.

dictment relieved the State of its burden of proof on this point. The evidence adduced at trial is legally and factually sufficient to prove the complainant was a household member at the time of the 2001 assault.

Having overruled all of appellant's issues, we affirm the trial court's judgment.