Affirmed and Opinion filed July 24, 2003














Affirmed and
Opinion filed July 24, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00892-CR

____________

 

CHARLES EDWARD MANNING, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

___________________________________________________________

 

On Appeal from
the 228th District Court

Harris County, Texas

Trial Court
Cause No. 909,673

 

___________________________________________________________

 

O P I N I O
N

            Appellant Charles Edward Manning,
Jr. appeals his felony assault conviction, arguing: (1) the trial court erred
by denying appellant’s motion to quash the indictment; and (2)-(3) the evidence
is legally and factually insufficient to prove he assaulted a household
member.  We affirm.

 








                              I.  Factual and Procedural Background

            Appellant and the
complainant, Mary Pearl Vallery, were involved in an
“off and on” romantic relationship for at least twelve years before his arrest
for the present offense.  The record
shows appellant lived with Vallery whenever they were
romantically involved.  According to
trial testimony, a few days before Thanksgiving of 2001, appellant severely beat
Vallery because he believed she was involved with
another man.

            Appellant was arrested and
charged with assault of a household member. 
In the indictment, the State also alleged that appellant was convicted
in 1996 of an assault committed against a household member, to enhance the
present assault from a misdemeanor to a third-degree felony under section
22.01(b)(2) of the Penal Code.  See Tex.
Pen. Code § 22.01(b)(2).  Uncontroverted trial testimony showed appellant committed
the 1996 assault against Vallery. 

            The jury found appellant guilty and
the trial court sentenced him to fifty years’ confinement in the Texas
Department of Criminal Justice, Institutional Division.  

II.  Issues Presented

            Appellant presents the following
issues for review:

(1)       Did the trial court
erroneously deny appellant’s motion to quash the indictment because the 1996
conviction used for enhancement occurred before the effective date of the
enhancement statute and because the judgment supporting the 1996 conviction
does not include an affirmative finding of family violence?

(2)       Is the evidence legally
sufficient to prove appellant and the complainant were members of the same
household at the time of the instant offense, and at the time of the 1996
assault?

(3)       Is the evidence factually
sufficient to prove appellant and the complainant were members of the same
household at the time of the instant offense, and at the time of the 1996
assault?

 

III.  Analysis and Discussion

A.        Motion
to Quash Indictment

            Appellant argues the trial court
lacked jurisdiction and should have granted his motion to quash the indictment
for two reasons: (1) because the 1996 conviction used to enhance under section
22.01 (b)(2) of the Penal Code occurred before the September 1, 1999, effective
date of the enhancement statute; and (2) because the  judgment supporting the 1996 conviction lacks
an affirmative finding of family violence. 
We review a trial court’s ruling on a motion to quash an indictment for
an abuse of discretion.  State v. Goldsberry,
14 S.W.3d 770, 772 (Tex. App.—Houston [1st
Dist.] 2000, pet. ref’d).  

            In 1999, the Legislature amended
section 22.01(b)(2) of the Penal Code to provide that an assault is a
third-degree felony if it is committed against a member of the defendant’s
family or household, and “it is shown on the trial of the offense that the
defendant has been previously convicted of an offense against a member of the
defendant’s family or household under this section.”  See Act
of June 18, 1999, 76th
Leg., R.S., ch. 1158, § 2, 1999 Tex. Gen. Laws
4063.  The statute also included a clause
making its application prospective: 

The change in law made by this Act applies only to an offense committed
on or after the effective date [Sept. 1, 1999] of this Act.  For purposes of this section, an offense is
committed before the effective date of this Act if any element of the offense
occurs before the effective date. 

 

Id. at 4064. 
According to appellant, this clause prohibits the State from using a
conviction that predates September
 1, 1999, for enhancement under section 22.01(b)(2).  Appellant essentially argues the date of the
previous conviction is an element of the current offense and that the
enhancement conviction therefore must have occurred after September 1, 1999, to
enhance assault to a third-degree felony under section 22.01(b)(2).

            Contrary to the plain language of
section 22.01(b)(2), appellant’s position makes the date of the prior
conviction an element of the current offense, when the State is only required
to prove that at the time of the current offense the defendant had the status of having been  previously convicted of an assault committed
against a family or household member.  See Cannady v.
State, 11 S.W.3d 205, 208 (Tex. Crim. App. 2000)
(addressing same argument and holding defendant’s status of serving a life
sentence at the time of present offense, and not date on which he committed
crime for which he was serving life sentence, is element of statute making it
capital murder to kill another person while serving a life sentence); Mason v. State, 980 S.W.2d 635, 639 (Tex. Crim.
App. 1998) (plurality op.) (holding same under another section of Penal Code,
but court divided on whether extra-textual sources necessary to reach
conclusion); Moore v. State, 38
S.W.3d 232, 235–36 (Tex. App.—Texarkana 2001, pet. ref’d)
(addressing same argument and holding same).  Accordingly, this court
rejects appellant’s argument that the trial court should have set aside the
indictment because the State used a 1996 conviction to enhance under section
22.01(b)(2) of the Penal Code.

            Appellant further argues the trial
court should have quashed the indictment because the 1996 assault conviction
does not affirmatively show on the face of the judgment or the underlying
indictment that the complainant in that case was a family or household member.
Appellant directs this court’s attention to the failure of the trial court to
mark the “family violence” box on the 1996 judgment even though article 42.013
of the Code of Criminal Procedure Code was effective at that time and provides:

In the trial of an offense under Title 5, Penal Code, if the court
determines that the offense involved family violence, as defined by Section
71.01, Family Code, the court shall make an affirmative finding of that fact
and enter the affirmative finding in the judgment of the case.

 

Tex. Code Crim. Proc. art.
42.013.

            When the language of a statute is
unambiguous, we must give effect to the plain meaning of the words unless doing
so would lead to absurd results.  Boykin v. State, 818 S.W.2d 782, 785
(Tex. Crim. App. 1991).  The plain language of article 42.013 does not
prohibit use of extrinsic evidence to prove that a previous assault was
committed against a family or household member in a subsequent proceeding when
the convicting court failed to make an affirmative finding of family
violence.  Goodwin v. State, 91 S.W.3d 912, 919 (Tex. App.—Fort Worth 2002, no
pet.); see also State v. Cagle, 77
S.W.3d 344, 348 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (holding notation on prior judgment
that family violence was “not applicable or not available” did not amount to a
determination that prior assault was not committed against household or family
member); Mitchell v. State, 102
S.W.3d 772, 775 (Tex. App.—Austin 2003, 
no pet. h.) (holding extrinsic evidence may be used to prove prior
assault committed against household member). 


            Because a conviction that predates
the effective date of section 22.01(b)(2) of the Penal Code can be used to
enhance under that section, and because article 42.013 of the Code of Criminal
Procedure does not prohibit use of extrinsic evidence to prove family violence
in a subsequent proceeding, we conclude the trial court did not abuse its
discretion when it denied appellant’s motion to quash the indictment.

B.        Legal
Sufficiency 

            In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The jury, as the trier
of fact, “is the sole judge of the credibility of witnesses and of the strength
of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  If any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt, we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  The question is not whether a rational jury
could have entertained a reasonable doubt of guilt, but whether it necessarily
would have done so.  Swearingen v. State, 101 S.W.3d 89, 96 (Tex. Crim. App. 2003).

            An assault is a third-degree felony,
instead of a Class A misdemeanor, if it is committed against “a member of the
defendant’s family or household” and it is shown on the trial of the offense
that the defendant has been previously convicted of an assault that was
committed against a member of the defendant’s family or household.  Tex.
Pen. Code § 22.01(b)(2). 
“Household” has the meaning assigned by the Family Code and therefore
includes persons living together in the same dwelling, regardless of whether
they are related to one another.  Tex. Pen. Code § 22.01(e)(2); Tex. Fam. Code
§ 71.005.

            The State is relieved of its burden
to prove a prior conviction alleged for enhancement when the defendant pleads
true or guilty to the enhancement paragraph. 
Harvey v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); Martin
v. State, 795 S.W.2d 289, 292 (Tex. App.—Houston [14th Dist.] 1990, no
pet.) (holding same).  Accordingly, a
defendant who pleads true to an enhancement paragraph may not challenge the
sufficiency of the evidence to prove allegations contained in the enhancement paragraph.  Harvey,
611 S.W.2d at 111; Martin, 795 S.W.2d
at 292.  Here, at the outset of trial,
appellant pleaded true to the enhancement paragraph included in the present
indictment which alleged appellant had previously assaulted a household member:


It is further presented that before the commission of the offense
alleged above  [i.e., the November of
2001, assault], the defendant on January 10, 1996, in the COUNTY CRIMINAL
COURT AT LAW NO. 14 of HARRIS County, Texas, in Cause No. 9600908, was
convicted of the offense of assault of a HOUSEHOLD member by causing bodily
injury.

 

Because
he pleaded true to this enhancement paragraph, appellant may not complain on
appeal about the sufficiency of the evidence to show he committed the 1996
assault against a household member. 
Accordingly, we overrule appellant’s first and second issues to the
extent they challenge the legal and factual sufficiency of the evidence to
prove the complainant was a household member at the time of the 1996 assault.

            We now address appellant’s claim
that the evidence is legally insufficient to prove the complainant (Vallery) was a member of appellant’s household.  Vallery testified
she is the same complainant as in the 1996 assault.  Appellant did not controvert this testimony. Vallery further testified that she and appellant started
having an intimate relationship in 1990, and lived together “off and on”
thereafter.  According to Vallery, she took appellant’s surname for five years[1] and
called herself appellant’s “wife, off and on girlfriend” depending on which
title suited the couple at any given time. 
Vallery further testified that each time the
relationship was “on,” appellant moved in with her and lived with her at her
apartment, but when the relationship was “off,” appellant lived at his mother’s
house.

            Vallery
testified she and appellant “were a couple” on November 18, 2001, the date of the instant
assault, but that they were not cohabitating at this time.  She testified that at the time of the
assault, she lived in an apartment at 8200 Sterlingshire
and appellant lived at his mother’s house. 
She admitted, however, that in the weeks leading up to November 18, 2001, she lived
with appellant and his mother at appellant’s mother’s house because appellant
had turned off the gas at her apartment. 
She testified she moved back to the apartment two days before the
assault even though the gas was still not working and there was no telephone at
the apartment.  The record shows that on
the evening of the 2001 assault, appellant had cooked dinner and brought it to
the Sterlingshire apartment.  Vallery and
appellant had spent the day together at appellant’s mother’s house.  Appellant waited outside the apartment for Vallery to return from visiting someone else in the same
apartment complex, and then assaulted her upon her return.  According to Vallery’s
testimony, appellant gave her his only key to the Sterlingshire
apartment about a year before the 2001 assault, so he had no key to the
apartment at the time of that assault.  Vallery testified she owned the furniture in the apartment
and did not jointly own any property with appellant.  She also testified that she sometimes
expected appellant to pay rent for the apartment and indicated appellant would
sometimes contribute to her rent payment by pawning items.[2]  However, in the same line of questioning, she
also testified that appellant was not paying any rent.  Linda Morris, whose husband was appellant’s
former colleague, testified appellant and Vallery
lived together at the Sterlingshire apartment.[3]  

            Appellant’s mother, Hester Mary
Manning, testified Vallery lived at appellant’s
mother’s house with appellant and appellant’s mother between late September of
2001 and Thanksgiving of 2001.  According
to appellant’s mother, appellant “was already there” and Vallery
moved in at this time to help appellant’s mother because she was recovering
from a broken shoulder.  Appellant’s
mother testified that after the instant assault, she helped clean Vallery’s bleeding wounds. 
Vallery then went to bed in her usual sleeping
place, the middle bedroom she shared with appellant at appellant’s mother’s
house.  Appellant’s mother testified
twice “they lived there,” referring to appellant and Vallery
living at appellant’s mother’s house at the time of the 2001 assault.  John Osteen, appellant’s mother’s neighbor,
testified appellant was Vallery’s husband but he did
not testify as to where the couple lived. 
Vallery’s mother testified Vallery
was living at appellant’s mother’s house just before Thanksgiving of 2001. 

            The jury may choose to believe or
disbelieve any portion of the witnesses’ testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986).  When faced with conflicting evidence, we
presume the jury resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  In
considering all the record evidence, and reasonable inferences therefrom, in the light most favorable to the jury’s
verdict, we find that a rational jury could have found appellant and Vallery were members of the same household at the time of
the instant assault.  Accordingly, we
hold the evidence is legally sufficient to prove appellant assaulted a
household member under section 22.01(b)(2) of the Texas Penal Code.  See Tex. Pen. Code § 22.01(b)(2). 

            Having determined the evidence is
legally sufficient to prove the present assault was committed against a
household member, we overrule the remainder of appellant’s legal sufficiency
challenge.

C.        Factual
Sufficiency

            We now
address appellant’s challenge to the factual sufficiency of the evidence to
prove he committed the instant assault against a household member.  When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence without the prism of “in
the light most favorable to the prosecution” and set aside the verdict only if
it is “so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.”  Johnson v. State, 23 S.W.3d 1, 6–7 (Tex. Crim. App. 2000). 
This concept embraces both “formulations utilized in civil
jurisprudence, i.e., that evidence can be factually insufficient if (1) it is
so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding
is against the great weight and preponderance of the available evidence.”  Id. at
11.  Under this formulation, we
essentially compare the evidence which tends to prove the existence of a fact
with the evidence that tends to disprove that fact.  Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).  In conducting the
factual-sufficiency review, we must employ appropriate deference so that we do
not substitute our judgment for that of the fact finder.  Id. at
648.  Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility
given to any witness’s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  

            In conducting a factual sufficiency
review, we must consider and address the appellant’s main argument for a
finding of insufficiency.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
This practice benefits the parties, maintains the integrity of the
justice system, and improves appellate practice.  Id.  Here, appellant claims the evidence is
factually insufficient because Vallery testified she was
not living with appellant at the time of the 2001 assault, she did not expect
appellant to pay rent on the Sterlingshire apartment,
appellant was not paying rent, and Vallery and
appellant did not own property together. 
According to appellant, none of the State’s evidence showed appellant
and Vallery were members of the same household.  

            A factual sufficiency challenge will
not necessarily be sustained simply because the record contains conflicting
evidence upon which the fact finder could have reached a different
conclusion.  See Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997).  A reviewing court may disagree with the fact
finder’s resolution of conflicting evidence only when it is necessary to
prevent manifest injustice.  Id. at 164–65. 
After carefully reviewing the evidence, we conclude the jury’s verdict
is not so unsupported as to be clearly wrong and unjust.  See id.  Accordingly, we find the evidence is
factually sufficient to prove appellant committed the instant assault against a
member of his household, and we overrule the remainder of appellant’s factual
sufficiency challenge.[4]

                                                             IV.  Conclusion

            The trial court’s denial of
appellant’s motion to quash the indictment was not an abuse of discretion.  Appellant may not challenge the sufficiency
of the evidence to prove the complainant was a household member at the time of
the 1996 assault because appellant’s plea of “true” to the enhancement
paragraph in the present indictment relieved the State of its burden of proof
on this point.  The evidence adduced at
trial is legally and factually sufficient to prove the complainant was a
household member at the time of the 2001 assault.

            Having overruled all of appellant’s
issues, we affirm the trial court’s judgment.

 

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and Opinion filed
July 24, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Frost.

Publish — Tex. R. App. P. 47.2(b).

 

 











            [1]  The record does not contain more specific
information about when Vallery used appellant’s
surname.





            [2]  Vallery testified
she and appellant were both unemployed in November of 2001.





            [3]  Linda Morris’s testimony does not indicate when appellant and Vallery
lived together at the Sterlingshire apartment.  





            [4]  We note appellant has arguably waived any
challenge to the sufficiency of the evidence to prove he committed the present
assault against a household member because he admitted as much at the
punishment phase of trial.  See DeGarmo v.
State, 691 S.W.2d 657, 660–61 (Tex. Crim. App.
1985) (defendant who did not testify at guilt-innocence phase, but admitted at
punishment phase of trial to committing the murder, may not bring sufficiency
challenge on appeal); limited by  Leday v. State,
983 S.W.2d 713 (Tex. Crim. App. 1998) and Reyes v. State, 994 S.W.2d 151 (Tex.
Crim. App. 1999); Leday, 983 S.W.2d at 724–25 (DeGarmo applies
to waiver of sufficiency challenge but cannot be used to find waiver of
fourth-amendment exclusionary rule during guilt-innocence phase of trial and listing
other fundamental guaranties that cannot be waived by admission at punishment
phase of trial); Reyes, 994 S.W.2d at
153 (defendant’s admission of guilt at punishment phase can waive sufficiency
challenge but does not waive appellate review of alleged violation of right to
have guilt assessed by a jury of twelve persons). 

 

            Appellant testified at the
punishment phase of trial that at the time of his arrest for the 2001 assault,
he lived with Vallery at her apartment and had lived
there for “about six years.”  Appellant
further testified he regarded Vallery as his wife,
and financially contributed to Vallery’s support,
rent, and the support of  Vallery’s children. 
Accordingly, on appeal, common sense suggests appellant is estopped from challenging the sufficiency of the evidence
to prove Vallery was a household member.  See
Pegues v. State, 964 S.W.2d 678, 679 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (holding
when defendant admits only some elements of charged offense at punishment
phase, DeGarmo
rationale applies to admitted elements); but
see Duffy v. State,33 S.W.3d 17, 21–22 (Tex. App.—El Paso 2000, no pet.)
(doubting DeGarmo
survives Leday
and Reyes, and finding DeGarmo
inapplicable when defendant did not admit all elements at punishment phase).  Nonetheless, in the interest of justice, we
have addressed the merits of appellant’s complaint.