NUMBER 13-02-113-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




DAVID RODRIGUEZ,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 103rd District Court
of Cameron County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo

         A jury convicted appellant David Rodriguez in absentia of two counts of
indecency with a child


 and two counts of aggravated sexual assault.


 It rejected any
recommendation for community supervision and assessed punishment at two years in
prison and a $2,000 fine for each count of indecency with a child and five years and
a $5,000 fine for each count of aggravated sexual assault. The trial court signed a
judgment consistent with the jury's verdict and ordered the sentences to run
consecutively. It sentenced Rodriguez to a total of fourteen years confinement in the
Institutional Division of the Texas Department of Criminal Justice.


 The trial court has
certified that Rodriguez has the right to appeal. See Tex. R. App. P. 25.2(a)(2). By six
issues, Rodriguez challenges the legal and factual sufficiency of the evidence and
certain evidentiary rulings by the trial court. We affirm. 
I. RELEVANT FACTS
         This is a memorandum opinion not designated for publication. The parties are
familiar with the facts. We will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4.
         J.G. is Rodriguez's stepdaughter. She was born April 16, 1986. Rodriguez
began living with J.G.'s mother and four children when J.G. was seven years old. The
family lived in Florida for a few months, then returned to Brownsville, Cameron
County, Texas. They were living in Brownsville in 1999 when J.G. first accused
Rodriguez of molesting her. The Texas Department of Protective and Regulatory
Services ("DPRS") investigated J.G.'s allegations against her stepfather in March
of 1999. The DPRS took no action at that time. The family moved back to Florida. 
J.G. repeated her allegations to authorities there. An investigation began in Florida. 
The family returned to Texas the day before a scheduled court date in the matter. 
         Back in Texas, J.G. contacted DPRS again. A second investigation began in
April of 2000. DPRS again took no action. A report of the Florida investigation
reached the authorities in Texas. In November of 2000, DPRS began a third
investigation. This time, J.G.'s mother was arrested for child endangerment. A
Cameron County grand jury indicted Rodriguez on two counts of indecency with a
child and two counts of aggravated sexual assault. 
         J.G., 14 years old by the time of trial, described for the jury years of almost
daily sexual contact


 and multiple acts of sexual conduct


 by Rodriguez. She testified
that the contacts and conduct took place in Cameron County, Texas from the time she
was seven years old until the family moved to Florida briefly in the middle of October
1999. Outcry witnesses testified to the complaints J.G. made. During Rodriguez's
defense, family members testified to inconsistent or contradictory statements made
by the child, including her denial that Rodriguez had ever touched her. Her mother
testified she did not believe her daughter. 
         During a break following the mother's testimony, Rodriguez left the courtroom.
He did not return. Testimony continued in his absence, then concluded. The trial
court charged the jury in his absence. The jury deliberated and delivered the verdict. 
After return of the verdict, Rodriguez surrendered himself for sentencing. The trial
court exercised its discretion and ordered the sentences assessed by the jury to run
consecutively. See Tex. Pen. Code Ann. § 3.03(b)(2)(A) (Vernon 2003). This appeal
ensued. 
 II. SUFFICIENCY ANALYSES
A. Legal-Sufficiency Analyses
1. Legal-Sufficiency Standard and Scope of Review
         A legal-sufficiency challenge calls for appellate review of the
relevant evidence in the light most favorable to the prosecution. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We
consider all the evidence that sustains the conviction, whether properly or improperly
admitted or whether introduced by the prosecution or the defense, in determining the
legal sufficiency of the evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Similarly, in reviewing the legal sufficiency of the evidence, we
look to all of the evidence introduced during either stage of the trial. De Garmo v.
State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985).
         Legal sufficiency in this case is measured against the elements of the offense as
defined by a hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury
charge is one that "accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Id. A hypothetically correct
jury charge would not simply quote from the controlling statute. Gollihar v.
State, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001). Its scope is limited by "the
statutory elements of the offense . . . as modified by the charging instrument." Fuller
v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (Keller, P.J., concurring)
(quoting Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). When a
statute lists more than one method of committing an offense, and the indictment
alleges some, but not all, of the statutorily listed methods, the State is limited to the
methods alleged. Fuller, 73 S.W.3d at 255; Curry, 30 S.W.3d at 404. This standard
of legal sufficiency ensures that a judgment of acquittal is reserved for those situations
in which there is an actual failure in the State's proof of the crime. 
Malik, 953 S.W.2d at 240. We then determine if any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson,
443 U.S. at 319; Johnson, 23 S.W.3d at 7. 
         In performing a legal-sufficiency review, we are mindful that the fact finder is
the exclusive judge of the credibility of witnesses and the weight to be given
testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Adelman v. State,
828 S.W.2d 418, 423 (Tex. Crim. App. 1992); Butts v. State, 835 S.W.2d 147, 151
(Tex. App.–Corpus Christi 1992, pet. ref'd). The fact finder may believe some
witnesses and refuse to believe others. Esquivel v. State, 506 S.W.2d 613, 615 (Tex.
Crim. App. 1974). It also may accept portions of a witness's testimony and reject
others. Id.; Butts, 835 S.W.2d at 151. 
         If we reverse a criminal case for legal insufficiency following a jury trial, we
reform the judgment to reflect conviction for a lesser offense only if: (1) we find that
the evidence is sufficient to support conviction of the lesser offense; and (2) a jury
charge on the lesser offense was either submitted or requested but denied. Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993) (clarifying same). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d
at 95. 
2. The Hypothetically Correct Jury Charge
a. The Law Applicable to the Indecency-with-a-Child Counts
(1) Counts I and IV of the Indictment
         The statutory period of limitation for indecency with a child is ten years from
the child's eighteenth birthday. Tex. Code Crim. Proc. Ann. art. 12.01(5)(A)
(Vernon 2003). Count I of the indictment alleged that Rodriguez intentionally or
knowingly engaged in sexual contact with J.G., a child younger than 17 years and not
his spouse, in Brownsville, Cameron County, Texas on or about October 23, 1999 by
touching her breast with his mouth. Count IV alleged that Rodriguez engaged in the
same contact in the same jurisdiction on or about September 15, 1999. 
(2) "On or About" Allegation of Date of Offense
         Unless the date is a material element of an offense, it is not necessary for an
indictment to specify the precise date on which the charged offense occurred. See
Garcia v. State, 981 S.W.2d 683, 685-86 (Tex. Crim. App. 1998). The primary
purpose of specifying a date in the indictment is not to notify the accused of the date
of the offense. Id. Rather, the purpose of providing a date is to show that the
prosecution is not barred by the statute of limitation. Id. When an indictment alleges
that a crime occurred "on or about" a certain date, the State may prove an offense
"with a date other than the one specifically alleged so long as the date is anterior to
the presentment of the indictment and within the statutory limitation period and the
offense relied upon otherwise meets the description of the offense contained in the
indictment." Yzaguirre v. State, 957 S.W.2d 38, 39 (Tex. Crim. App. 1997) (quoting
Sledge v. State, 953 S.W.2d 253, 256-57 (Tex. Crim. App. 1997)). Accordingly, the
hypothetically correct jury charge in this case would instruct the jury that the State
could prove that the charged offenses were committed before, on, or after the dates
alleged in the indictment so long as the dates were before the date of the indictment
and within the applicable limitation period. Mireles v. State, 901 S.W.2d 458, 459
(Tex. Crim. App. 1995) (plurality op.); DeMoss v. State, 12 S.W.3d 553, 560 (Tex.
App.–San Antonio 1999, pet. ref'd).



(3) The Elements of Indecency with a Child as Limited by the Indictment
         Thus, the hypothetically correct jury charge against which we measure legal
sufficiency in Count I and Count IV of the indictment in this case would ask the jury
if Rodriguez: (1) on or about September 15, 1999 and October 23, 1999
(2) intentionally or knowingly (3) engaged in sexual contact (4) with J.G., who was
then a child under 17 years old and not his spouse, (5) by touching her breast with his
mouth.


 We turn to the relevant definitions. 

 (4) Definitions Used in the Indecency-with-a-Child Statute
          The penal code defines "sexual contact" as "any touching of the anus, breast,
or any part of the genitals of another person with intent to arouse or gratify the sexual
desire of any person." Tex. Pen. Code Ann. § 43.01 (Vernon 2003). The offense of
indecency with a child requires proof of the accused's intent to engage in the
proscribed contact rather than an intent to bring about any particular result. Rodriguez
v. State, 24 S.W.3d 499, 502 (Tex. App.–Corpus Christi 2000, pet. ref'd). Thus, the
definitions in the hypothetically correct jury charge in this case concerning the
applicable culpable mental state for the indecency-with-a-child counts would be limited
to the nature of the conduct, rather than result of conduct or circumstances
surrounding the conduct. 
         A person acts intentionally, or with intent, with respect to the nature of 
conduct or to a result of the conduct when it is the person's conscious objective or
desire to engage in the conduct or cause the result. Tex. Pen. Code Ann. § 6.03(a)
(Vernon 2003). Similarly, a person acts knowingly, or with knowledge, with respect
to the nature of conduct or to circumstances surrounding the conduct when the person
is aware of the nature of the conduct or that the circumstances exist. Tex. Pen. Code
Ann. § 6.03(b) (Vernon 2003). A person acts knowingly, or with knowledge, with
respect to a result of conduct when the person is aware that the conduct is reasonably
certain to cause the result. Id. 
         A fact finder may infer the accused's mental state from the acts, words, and
conduct of the accused and from the circumstances surrounding the acts in which the
accused engaged. See Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim.
App. 1991); Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978). 
An accused rarely facilitates conviction by admitting to the requisite intent or
knowledge. It seldom is possible to prove by direct evidence what an accused
intended or knew at the time of the incident. Thus, the fact finder usually must infer
intent and knowledge from circumstantial evidence rather than direct proof. See
Gardner v. State, 736 S.W.2d 179, 182 (Tex. App.–Dallas 1987), aff'd,
780 S.W.2d 259 (Tex. Crim. App. 1989); see also Hernandez, 819 S.W.2d at 810;
Dillon, 574 S.W.2d at 94-95. 
         Specifically, the fact finder can infer the requisite intent to arouse or gratify the
sexual desire of a person from conduct, remarks, or all the surrounding circumstances. 
Robertson v. State, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993); McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. 1981). The intent to arouse or gratify
may be inferred from conduct alone. McKenzie, 617 S.W.2d at 216. No oral
expression of intent is necessary. Id.; Gregory v. State, 56 S.W.3d 164, 171 (Tex.
App.–Houston [14th Dist.] 2001, pet. granted). Nor is visible evidence of sexual
arousal required. McKenzie, 617 S.W.2d at 216; Gregory, 56 S.W.3d at 171. 
Further, the fact finder may draw an inference of guilt from the accused's
acts, words, and conduct before, during, and after the incident. See Foster v. State,
779 S.W.2d 845, 859 (Tex. Crim. App. 1989) (inference of guilt may be drawn from
flight). 
b. The Law Applicable to the Aggravated-Sexual-Assault-of-a-Child Counts
(1) Count II and Count III of the Indictment
         The statutory period of limitation for aggravated sexual assault of a child also
is ten years from the child's eighteenth birthday. Tex. Code Crim. Proc. Ann.
art. 12.01(5)(B) (Vernon 2003). Count II of the indictment alleged that Rodriguez
intentionally or knowingly caused the anus of J.G., then a child younger than 14 years
not Rodriguez's spouse, to contact his sexual organ in Brownsville, Cameron County,
Texas on or about October 15, 1999. Count III of the indictment alleged that
Rodriguez intentionally or knowingly caused the sexual organ of J.G., then a child
younger than 14 years not Rodriguez's spouse, to contact his sexual organ in
Brownsville, Cameron County, Texas on or about October 1, 1999. 
(2) The Elements of Aggravated Assault of a Child as Limited by the Indictment
         Thus, the hypothetically correct jury charge against which we measure legal
sufficiency in Count II of the indictment would ask the jury if Rodriguez: (1) on or
about October 15, 1999 (2) intentionally or knowingly (3) caused the anus (4) of J.G.,
who was then a child under 14 years old and not his spouse, (5) to contact (6) his
sexual organ.


 As to Count III of the indictment, the hypothetically correct jury charge
would ask the jury if Rodriguez: (1) on or about October 1, 1999 (2) intentionally or
knowingly (3) caused the sexual organ (4) of J.G., who was then a child under
14 years old and not his spouse, (5) to contact (6) his sexual organ.


 We turn to
additional relevant definitions. 
(3) Definitions Used in the Aggravated-Sexual-Assault-of-a-Child Statute
         The Texas Court of Criminal Appeals has not addressed whether aggravated
sexual assault of a child is a nature-of-conduct, result-of-conduct, or combined
offense. See Baker v. State, 94 S.W.3d 684, 691 (Tex. App.–Eastland 2002, no
pet.); see also Cook v. State, 884 S.W.2d 485, 492-94 (Tex. Crim. App. 1994)
(Maloney, J., concurring); Duhart v. State, 890 S.W.2d 187, 191 (Tex. App.–Corpus
Christi 1994, no pet.); Murray v. State, 804 S.W.2d 279, 281 (Tex. App.–Fort
Worth 1991, pet. ref'd). Where an offense is not clearly categorized with respect to
the conduct elements, the trial court may submit to the jury the full statutory
definitions of "intentionally" and "knowingly" because both definitions allow the jury
to consider the nature of the accused's conduct or the results of the conduct. Baker,
94 S.W.3d at 691 (citing Murray, 804 S.W.2d at 281). 
         With a hypothetically correct jury charge in mind that reflects the correct
definitions and the elements of the offenses as modified by the indictment, we turn
to legal-sufficiency analyses of the evidence to support Rodriguez's convictions for
indecency with a child as alleged in Count I and Count IV of the indictment and
aggravated sexual assault of a child as alleged in Count II and Count III. 

3. Measuring the Legal Sufficiency of the Evidence 
Against the Hypothetically Correct Jury Charge

a. Count I and Count IV, Indecency with a Child
         Rodriguez focuses our legal-sufficiency analysis by arguing that the evidence is
insufficient to support: (1) the intent-to-gratify element of the indecency-with-a-child
allegations; and (2) the State's allegations that the particular sexual contact described
occurred on the alleged dates within the jurisdiction of the trial court in Brownsville,
Cameron County, Texas.


 
(1) The Intent-to-Gratify Element
         J.G. repeatedly described for the jury multiple incidents of sexual contact and
sexual conduct by Rodriguez in Texas and in Florida. A child's description of sexual
contact is sufficient evidence from which a fact finder may infer the intent-to-gratify
element of indecency with a child. See, e.g., McKenzie, 617 S.W.2d at 216; Brown
v. State, 871 S.W.2d 852, 856 (Tex. App.–Corpus Christi 1994, pet. ref'd). Viewing
the evidence in the light most favorable to the State, we conclude that any rational
trier of fact could have found beyond a reasonable doubt the intent-to-gratify element
of Count I and Count IV of the indictment. See Jackson, 443 U.S. at 319; see also
Johnson, 23 S.W.3d at 7. 
(2) The Date-and-Place Elements
         The offenses proved by the State conformed with the allegations in the
indictment, were within the statute of limitation, and occurred before the date of the
indictment. See Yzaguirre, 957 S.W.2d at 39. The State was not required to prove
that any particular offense occurred on any particular date. See Mireles, 901 S.W.2d
at 459. Viewing the evidence in the light most favorable to the State, we conclude
that any rational trier of fact could have found beyond a reasonable doubt that
Rodriguez committed the offenses charged in Count I and Count IV of the indictment
in Cameron County on dates before the date of the indictment and within the limitation
period. See Jackson, 443 U.S. at 319; see also Johnson, 23 S.W.3d at 7. 
         Accordingly, we hold the evidence legally sufficient to support Rodriguez's
convictions for each count of indecency with a child. See Jackson, 443 U.S. at 319;
see also Johnson, 23 S.W.3d at 7. We overrule Rodriguez's third issue. 
b. Count II and Count III, Aggravated Sexual Assault of a Child
         Rodriguez also asserts that the evidence is legally insufficient to support the
jury's findings that the particular sexual conduct described in Count II and Count III of
the indictment occurred on the alleged dates within the jurisdiction of the trial court
in Brownsville, Cameron County, Texas. He adds that the State did not prove that
J.G. was under the age of 14 at the time the conduct occurred. At trial, J.G. both told
the jury her birth date and said she was 14 years old. She related for the jury multiple
incidents of sexual conduct by Rodriguez in Cameron County before the move to
Florida in 1999. As with the indecency-with-a-child counts, viewing the evidence in
the light most favorable to the State, we conclude that any rational trier of fact could
have found beyond a reasonable doubt that Rodriguez committed the charged offenses
in Cameron County on dates before the date of the indictment and within the limitation
period when J.G. was less than 14 years old. See Jackson, 443 U.S. at 319; see also
Johnson, 23 S.W.3d at 7. 
          Accordingly, we hold the evidence legally sufficient to support Rodriguez's
convictions for each count of aggravated sexual assault of a child. See Jackson,
443 U.S. at 319; see also Johnson, 23 S.W.3d at 7. We overrule Rodriguez's first
issue. 
III. FACTUAL-SUFFICIENCY ANALYSES
                    A. Factual-Sufficiency Standard and Scope of Review
         This Court measures the factual sufficiency of the evidence in this case against
a hypothetically correct jury charge. Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.—Corpus Christi 2002, pet. ref'd); see Malik, 953 S.W.2d at 240. We are
constitutionally empowered to review the judgment of the trial court to determine the
factual sufficiency of the evidence used to establish the elements of the charged
offense. Johnson, 23 S.W.3d at 6. In determining the factual sufficiency of the
elements of the offense, we view all the evidence neutrally, not through the prism of
"the light most favorable to the prosecution." Id. at 6-7 (citing Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). We set aside a finding of guilt only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Johnson, 23 S.W.3d at 7. A clearly wrong and unjust finding of guilt is
"manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas
v. State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998). 
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness
testimony.  Id. 
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id. 
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A finding of guilt
can rest on the combined and cumulative force of all the incriminating circumstances.
Id. When an appellant challenges the factual sufficiency of the elements of the
offense, we ask whether "a neutral review of all the evidence . . . demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex. Crim.
App. 2003) (quoting Johnson, 23 S.W.3d at 11); see Swearingen, 101 S.W.3d at 97. 
         In conducting a factual-sufficiency review in an opinion, we "show
our work" when we consider and address the appellant's main argument for
urging insufficiency of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003); Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 (Tex.
App.–Houston [14th Dist.] 2003, no pet. h.); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice.  Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction. 
Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal case reversed
for factual insufficiency, so a second fact finder has the chance to evaluate the
evidence. Swearingen, 101 S.W.3d at 97. 
B. Measuring the Factual Sufficiency of the Evidence 
Against the Hypothetically Correct Jury Charge

1. Indecency with a Child as Alleged in Count I and Count IV

         In his factual-sufficiency challenge, Rodriguez points to J.G.'s inconsistent
statements and her mother's testimony that she did not believe her daughter's
allegations. However, J.G. repeatedly described for the jury multiple incidents of
sexual contact by Rodriguez in Texas before the family moved to Florida in 1999. The
jury was free to accept her trial testimony and reject evidence of her prior inconsistent
statements. See Esquivel, 506 S.W.2d at 615. Further, the jury could draw no
inference of guilt from the fact that Rodriguez did not testify to deny J.G.'s
allegations. However, he fled the courtroom during the trial. The jury could infer
"consciousness of guilt" from his flight. See Foster, 779 S.W.2d at 859. Viewing all
of the evidence neutrally, favoring neither Rodriguez nor the prosecution, we find that
the proof of Rodriguez's guilt of indecency with a child as alleged in Count I and
Count IV of the indictment is not so obviously weak as to undermine confidence in the
jury's determination. See Zuliani, 97 S.W.3d at 593-94. We do not find that the
proof of his guilt is greatly outweighed by contrary proof. See id. We overrule
Rodriguez's fourth issue. 
2. Aggravated Sexual Assault of a Child as Alleged in Count II and Count III
         J.G. testified unequivocally that the sexual conduct occurred in Brownsville,
Cameron County, Texas, when she was under the age of 14, and she was not married
to Rodriguez. In his brief, Rodriguez does not point us to any evidence tending to
disprove the elements of aggravated sexual assault of a child by contact. He again
points to J.G.'s inconsistent statements and her mother's testimony that she did not
believe her daughter's allegations. Again, differences in testimony are not sufficient
for us to completely discount J.G.'s direct evidence. The jury determined the relative
credibility of the witnesses and testimony and could infer Rodriguez's "consciousness
of guilt" from his flight during the trial. See Esquivel, 506 S.W.2d at 615; see also
Foster, 779 S.W.2d at 859. Viewing all of the evidence neutrally, favoring neither
Rodriguez nor the prosecution, we find that the proof of Rodriguez's guilt of
aggravated sexual assault of a child as alleged in Count II and Count III of the
indictment is not so obviously weak as to undermine confidence in the jury's
determination. See Zuliani, 97 S.W.3d at 593-94. We do not find that the proof of
his guilt is greatly outweighed by contrary proof. See id. We overrule Rodriguez's
second issue. 
IV. THE EVIDENTIARY ISSUES
A. The Videotaped Testimony
         In his fifth issue, Rodriguez asserts that the trial court abused its discretion in
admitting, over objection, the videotaped testimony of J.G. after she had testified in
person. The State responds that the trial court properly admitted the videotape
pursuant to article 38.071 of the code of criminal procedure. See Tex. Code Crim.
Proc. Ann. art. 38.071(Vernon Supp. 2004). 
         At the time the State offered the videotape in evidence, Rodriguez's counsel
objected on grounds of: (1) hearsay; (2) best-evidence rule; (3) prejudice; and
(4) violation of his right to cross-examine. On appeal, without argument, Rodriguez
cites to three opinions


 and contends the trial court reversibly erred. 
         We review a trial court's admission or exclusion of evidence under an
abuse-of-discretion standard. Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex.
Crim. App. 1990). An abuse of discretion occurs when the trial court acts arbitrarily
or unreasonably, without reference to guiding rules or principles. Id. at 380. In other
words, an abuse of discretion occurs only when the trial court's decision is so wrong
as to lie outside that zone within which reasonable persons might disagree. Id. A trial
court has a "limited right to be wrong." Id. Our inquiry on appeal is whether the
result was reached in an arbitrary or capricious manner. Id. 
         Although Rodriguez does not make the argument in his brief, a plain-language
reading of article 38.071 indicates that the child must be unavailable to
testify before a videotape of the child's testimony is admissible. See Tex. Code
Crim. Proc. Ann. art. 38.071, § 1 (Vernon Supp. 2004); see also Jensen v. State,
66 S.W.3d 528, 535 (Tex. App.–Houston (14th Dist.) 2002, pet. ref'd). J.G. was
available and did testify. The State argued at trial that the videotape was admissible
as a prior consistent statement of the victim. See Tex. R. Evid. 801(e)(1)(B). 
         Even if the trial court abused its discretion in admitting the videotape, Rodriguez
is not entitled to a reversal if the same facts are proved by other properly admitted
evidence. Matz v. State, 21 S.W.3d 911, 912 (Tex. App.–Fort Worth 2000, pet.
ref'd). Error in the admission of evidence is subject to a harm analysis under
rule 44.2(b) of the rules of appellate procedure. See Tex. R. App. P. 44.2(b); see also 
Matz, 21 S.W.3d at 912 (citing Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998)). Under Rule 44.2(b), we are to disregard any error unless it affects the
appellant's substantial rights. See Tex. R. App. P. 44.2(b); see also Matz, 21 S.W.3d
at 912. A substantial right is affected when the error had a substantial, injurious
effect or influence on the jury's verdict. Matz, 21 S.W.3d at 912 (citing King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). It is well settled that the improper
admission of evidence does not constitute reversible error if the same facts are proved
by other properly admitted evidence. Matz, 21 S.W.3d at 912 (citing Brooks v. State,
990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (holding any error in admission of
hearsay testimony harmless in light of other properly admitted evidence proving same
fact)). 
         We have reviewed the videotape. We find its contents cumulative of J.G.'s
testimony at trial. Any error could not have affected Rodriguez's substantial rights and
was harmless. See Tex. R. App. P. 44.2(b); see also Matz, 21 S.W.3d at 913; Jensen,
66 S.W.3d at 535. Thus, even if the trial court abused its discretion in admitting the
videotape, we must disregard the error. We overrule Rodriguez's fifth issue. 
B. The Outcry Witness
         In his sixth issue, Rodriguez asserts that the trial court abused its discretion in
allowing hearsay testimony from a witness who was not designated as an "outcry"
witness pursuant to article 38.072 of the code of criminal procedure. See Tex. Code
Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2004). In his argument under issue six,
however, Rodriguez asserts, without citation to any authority, that he was deprived
of his federal and state constitutional right to confront his accuser. The State counters
that Rodriguez waived any error in admission of the testimony because the same
evidence came in without objection elsewhere in the trial. 
         The challenged witness is J.G.'s paternal aunt. At trial, Rodriguez objected to
her testimony as hearsay and that she was not designated as an outcry witness. The
State responded that it was offering the testimony to show a prior consistent
statement of the victim, not as that of an outcry witness. The trial court overruled the
objection but instructed the jury to limit its use of the evidence to that purpose,
affording Rodriguez all the relief to which he was entitled. During the aunt's
testimony, Rodriguez objected further that she had not been designated as an expert. 
         Even if the trial court abused its discretion in admitting the aunt's testimony, we
find that Rodriguez's claim on appeal does not comport with his trial objection. See
Tex. R. App. P. 33.1; see also Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002). Further, Rodriguez does not cite in his brief any authority regarding his
right-to-confrontation constitutional rights. We hold that Rodriguez waived on appeal
any error in the trial court's admission of the aunt's testimony. See Coffey v. State,
796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (issue that does not comport with trial
objection presents nothing for review); see also Tex. R. App. P. 38.1(h) (brief must
contain appropriate citations to authorities). We decline to address his sixth issue.


 
 V. CONCLUSION
         We have overruled Rodriguez's issues one through five. We have found he
waived issue six on appeal. We affirm the judgment of conviction and sentence. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 13th day of May, 2004.