NUMBER 13-03-277-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



 
CHANCE EMMITT GIVENS,                                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.




On appeal from the 377th District Court
of Victoria County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo

Memorandum Opinion by Justice Castillo

         A jury found appellant Chance Emmitt Givens guilty of aggravated assault.


 It
assessed punishment at twelve years in the Institutional Division of the Texas
Department of Criminal Justice and assessed a $5,000 fine. The trial court has
certified that Givens has the right of appeal. See Tex. R. App. P. 25.2(a)(2). By two
issues, Givens challenges the legal and factual sufficiency of the evidence to sustain
his conviction. We affirm. 
I. RELEVANT FACTS
         This is a memorandum opinion not designated for publication. The parties are
familiar with the facts. We will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
         The victim, Jose Olvera, told the jury Givens shot him on August 1, 2002. A
neighbor testified she saw Givens shooting a gun several times that evening. She
watched Olvera run away from Givens and then saw Olvera laying on the driveway. 
A friend of Givens saw Givens fire shots in the air. He also watched Olvera run away
from Givens. The friend walked away. He heard shouting and turned around. He saw
Olvera laying on the driveway. The friend did not see Givens shoot Olvera. 
         Investigating officers told the jury they did not recover any weapons at the
scene. They found several spent shell casings from two different weapons. A spent
shell casing they recovered after another shooting on the same street matched some
of the casings they recovered after the Olvera shooting. Another person had pleaded
guilty to the crime connected to that shell casing. No weapon was found at the scene
of that crime, either. The officers found no fingerprints on any of the shell casings. 
Since they did not recover a weapon, they were unable to determine what weapon
fired the round that wounded Olvera. 
         A paramedic testified that Olvera's wound was a life-threatening injury. A
surgeon testified that Olvera's left leg had to be amputated above the knee after the
shooting. 
         Givens told the jury he had been in the neighborhood earlier that morning. 
However, at the time of the shooting that evening, Givens testified, he was at a motel
with a female friend. He denied shooting Olvera. 
II. SUFFICIENCY OF THE EVIDENCE
         In his first and second issues, Givens contends the evidence is legally and
factually insufficient to support his conviction for aggravated assault with a deadly
weapon. He focuses on the shell casings found at the scene of Olvera's shooting that
matched one found after the earlier shooting. He argues that the State produced no
scientific evidence connecting the round that wounded Olvera with the matching shell
casings. We turn to the standards and scope of our legal-sufficiency review. 

A. Legal-Sufficiency Analysis
1. Legal-Sufficiency Standard and Scope of Review
          A legal-sufficiency challenge calls for appellate review of the relevant
evidence in the light most favorable to the prosecution. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim.
App. 2003); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). We consider
all the evidence that sustains the conviction, whether properly or improperly admitted
or whether introduced by the prosecution or the defense, in determining the legal
sufficiency of the evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim.
App. 2001). Similarly, in reviewing the legal sufficiency of the evidence, we look to
all of the evidence introduced during either stage of the trial. De Garmo v. State,
691 S.W.2d 657, 661 (Tex. Crim. App. 1985). 
         Legal sufficiency in this case is measured against the elements of the offense
as defined by a hypothetically correct jury charge for the case. Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge
is one that "accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for which the
defendant was tried." Id. A hypothetically correct jury charge would not simply quote
from the controlling statute. Gollihar v. State, 46 S.W.3d 243, 254 (Tex. Crim.
App. 2001). Its scope is limited by "the statutory elements of the offense . . . as
modified by the charging instrument." Fuller v. State, 73 S.W.3d 250, 254 (Tex.
Crim. App. 2002) (Keller, P.J., concurring) (quoting Curry v. State,
30 S.W.3d 394, 404 (Tex. Crim. App. 2000)). When a statute lists more
than one method of committing an offense, and the indictment alleges some, but
not all, of the statutorily listed methods, the State is limited to the methods
alleged.  Fuller, 73 S.W.3d at 255; Curry, 30 S.W.3d at 404. This standard of legal
sufficiency ensures that a judgment of acquittal is reserved for those situations in
which there is an actual failure in the State's proof of the crime. Malik, 953 S.W.2d
at 240. We then determine if any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319;
Johnson, 23 S.W.3d at 7.
         In performing a legal-sufficiency review, we are mindful that the fact finder is
the exclusive judge of the credibility of witnesses and the weight to be given
testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Adelman v. State,
828 S.W.2d 418, 423 (Tex. Crim. App. 1992); Butts v. State, 835 S.W.2d 147, 151
(Tex. App.–Corpus Christi 1992, pet. ref'd). The fact finder may believe some
witnesses and refuse to believe others. Esquivel v. State, 506 S.W.2d 613, 615 (Tex.
Crim. App. 1974). It also may accept portions of a witness's testimony and reject
others. Id.; Butts, 835 S.W.2d at 151.
         If we reverse a criminal case for legal insufficiency following a jury trial, we
reform the judgment to reflect conviction for a lesser offense only if: (1) we find that
the evidence is sufficient to support conviction of the lesser offense; and (2) a jury
charge on the lesser offense was either submitted or requested but denied. Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993) (clarifying same). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d
at 95. 
                            2. The Hypothetically Correct Jury Charge
                                             a. The Indictment 
         The indictment stated, in pertinent part:
 CHANCE EMMITT GIVENS . . . on or about the 1st day of August
A.D., 2002, . . . did then and there intentionally, knowingly, and
recklessly cause bodily injury to JOSE OLVERA, by shooting the said
JOSE OLVERA with a firearm, and the said Defendant used and exhibited
a deadly weapon, to-wit: a firearm, during the commission of said
assault. 

b. The Elements of Aggravated Assault as Limited by the Indictment
         One of the ways a person commits assault is by intentionally, knowingly, or
recklessly causing bodily injury to another. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon
Supp. 2004); Ferrel v. State, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001). A person
commits aggravated assault by committing assault as defined in section 22.01 and
(2) causing serious bodily injury or (3) using or exhibiting a deadly weapon during
commission of the assault. Tex. Pen. Code Ann. § 22.02(a)(1),(2) (Vernon
Supp. 2004); Green v. State, 831 S.W.2d 89, 93 (Tex. App.–Corpus Christi 1992,
no pet.). 
         Therefore, the hypothetically correct jury charge for this case would ask the jury
if Givens: (1) intentionally, knowingly, or recklessly (2) caused (3) bodily injury (4) to
Olvera (5) by shooting Olvera with a firearm and (6) used or exhibited a deadly
weapon, namely a firearm, (7) during the assault. We turn to relevant definitions. 
c. Definitions Used in the Aggravated Assault Statute
         Aggravated assault by causing serious bodily injury is a "result of conduct"
offense. Mendenhall v. State, 15 S.W.3d 560, 567 (Tex. App.–Waco 2000), aff'd
on other grounds, 77 S.W.3d 815 (Tex. Crim. App. 2002); Brooks v. State,
967 S.W.2d 946, 950 (Tex. App.–Austin 1998, no pet.). Thus, the definitions in the
hypothetically correct jury charge in this case concerning the applicable culpable
mental state should be limited to the result of the conduct, rather than the nature of
the conduct or the circumstances surrounding the conduct. A person acts
intentionally, or with intent, with respect to a result of conduct by having a conscious
objective or desire to cause the result. Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003). 
A person acts knowingly, or with knowledge, with respect to a result of conduct when
the person is aware the conduct is reasonably certain to cause the result. Tex. Pen.
Code Ann. § 6.03(b) (Vernon 2003). 
         "Bodily injury" means physical pain, illness, or any impairment of
physical condition. Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon 2003); Nunez
v. State, 117 S.W.3d 309, 323 (Tex. App.–Corpus Christi 2003, no pet.). 
"Deadly weapon" is defined as anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury. Tex. Pen. Code
Ann. § 1.07(a)(17)(B) (Vernon 2003). A firearm is a deadly weapon per se. Tex. Pen.
Code Ann. § 1.07(a)(17)(A) (Vernon 2003); Hill v. State, 913 S.W.2d 581, 590 (Tex.
Crim. App. 1996). "Serious bodily injury" is bodily injury that creates a substantial risk
of death or causes death, serious permanent disfigurement, or protracted loss or
impairment of the function of any "bodily member or organ." Tex. Pen. Code
Ann. § 1.07(a)(46) (Vernon 2003); Nunez, 117 S.W.3d at 323. 
3. Measuring the Legal Sufficiency of the Evidence 
against the Hypothetically Correct Jury Charge

         Olvera identified Givens as the man who shot him with a firearm. Other
eyewitnesses placed Givens at the scene before, during, and immediately after the
shooting. Olvera suffered the permanent loss of his leg as a result of the shooting. 
Viewing the evidence in the light most favorable to the State, we conclude that any
rational trier of fact could have found beyond a reasonable doubt that Givens assaulted
Olvera and either intentionally, knowingly, or recklessly caused serious bodily injury to
him or used or exhibited a firearm during the assault. See Jackson, 443 U.S. at 319;
see also Johnson, 23 S.W.3d at 7. Accordingly, we hold the evidence legally
sufficient to support Givens's conviction for aggravated assault. See Jackson,
443 U.S. at 319; see also Johnson, 23 S.W.3d at 7. We overrule Givens's first issue. 

 B. Factual-Sufficiency Analysis
1. Factual-Sufficiency Standard and Scope of Review
         This Court measures the factual sufficiency of the evidence in this case against
a hypothetically correct jury charge. Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.–Corpus Christi 2002, pet. ref'd); see Malik, 953 S.W.2d at 240. We are
constitutionally empowered to review the judgment of the trial court to determine the
factual sufficiency of the evidence used to establish the elements of the charged
offense. Johnson, 23 S.W.3d at 6. In determining the factual sufficiency of the
elements of the offense, we view all the evidence neutrally, not through the prism of
"the light most favorable to the prosecution." Id. at 6-7 (citing Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). We set aside a finding of guilt only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Johnson, 23 S.W.3d at 7. A clearly wrong and unjust finding of guilt is
"manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas
v. State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998).
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-
sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness testimony. 
Id.
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id.
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A finding of guilt
can rest on the combined and cumulative force of all the incriminating circumstances. 
Id. When an appellant challenges the factual sufficiency of the elements of the
offense, we ask whether "a neutral review of all the evidence . . . demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex. Crim.
App. 2003) (quoting Johnson, 23 S.W.3d at 11); see Swearingen, 101 S.W.3d at 97. 
         In conducting a factual-sufficiency review in an opinion, we "show our work"
when we consider and address the appellant's main argument for urging insufficiency
of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003);
Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 (Tex. App.–
Houston [14th Dist.] 2003, no pet. h.); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice. Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction.
Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal case reversed
for factual insufficiency, so a second fact finder has the chance to evaluate the
evidence. Swearingen, 101 S.W.3d at 97.
2. Measuring the Factual Sufficiency of the Evidence 
against the Hypothetically Correct Jury Charge

         In addition to the evidence discussed in our legal-sufficiency analysis, the record
reflects that Givens testified he was not in the neighborhood at the time of the
shooting. Rather, he was in a hotel room with a female friend. Further, no gun was
found at the scene. A casing found at another crime scene matched some of those
recovered after the Olvera shooting, but no evidence connected Givens to the shell
casings. Nor did any evidence tie Givens to the other crime. In fact, another person
had been convicted of that crime. Nonetheless, the jury could have concluded that the
credibility of the eyewitnesses' testimony outweighed any question raised by the
matching shell casings. See Esquivel, 506 S.W.2d at 615. Viewing all the evidence
neutrally, favoring neither the prosecution nor Givens, we find that proof of Givens's
guilt of aggravated assault is not so obviously weak as to undermine confidence in the
jury's determination. See Zuliani, 97 S.W.3d at 593-94. Nor do we find that the
proof of his guilt is greatly outweighed by contrary proof. See id. We overrule
Givens's second issue. 
III. CONCLUSION
         Having overruled both of Givens's issues, we affirm the judgment and sentence
of the trial court. 
 
                                                               ERRLINDA CASTILLO
                                                               Justice

Do Not Publish.
 
Tex. R. App. P. 47.2(b).
 
Opinion delivered and filed
this 12th day of August, 2004.